UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HELIO J. LEAL DE LA HOZ,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT OF THE UNITED STATES,<br><br>Defendant. | CASE NO. C18-1370JLR<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND ORDER TO SHOW CAUSE |

## I. INTRODUCTION

Before the court is Plaintiff Helio J. Leal De La Hoz's complaint. (Compl. (Dkt. # 4).) Plaintiff is proceeding in forma pauperis ("IFP"). (*See* IFP Ord. (Dkt. # 3) at 1 (granting Plaintiff's motion for leave to proceed IFP).) However, in granting Plaintiff IFP status, Magistrate Judge Brian A. Tsuchida recommended review of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). (IFP Ord. at 1.) The court has conducted the recommended review and DISMISSES Plaintiff's complaint and this action without

ORDER - 1

prejudice and with leave to amend his complaint within 21 days as more fully described below.

In addition, in less than one year, Plaintiff has filed nine IFP lawsuits in the Western District of Washington, including the present action. The court dismissed the eight complaints Plaintiff filed prior to the present action because those complaints were frivolous, failed to establish the court's subject matter jurisdiction, or otherwise failed to state a claim. Accordingly, the court also ORDERS Plaintiff to show cause within 21 days why the court should not enter a vexatious litigant and standing bar order against him as more fully described below.

## II. BACKGROUND

### A. The Present Action

Plaintiff's present complaint is nearly incomprehensible. (*See generally* Compl.) He brings suit against the following Defendants: (1) Government of the United States; (2) United States Attorney's Office; (3) Social Security Administration ("SSA"); (4) Department of Social and Health Services ("DSHS"); (5) Washington Health Authority; (6) Hush Communications Canada, Inc. ("Hush"); (7) Amazon.com, Inc. ("Amazon"); (8) Silvi A. Dominquez; (9) Bartell Drugs; (10) Porter Adventist Hospital; (11) DESC Shelter; (11) City Hall Shelter; (12) Seattle Central Public Library; (13) Metro Seattle; (14) City of Seattle; (15) Washington Attorney General's Office; (16) Washington State Bar Association; (17) United States Department of Justice; (18) FBI Headquarters: (19) Drug Enforcement Agency; (20) Interpol General Secretariat; (21) Seattle Police Department; (22) Better Business Bureau; (23) Randall B. Fritzer, Attorney at Law; (24)

Pearson Education, Inc.; (25) Gobierno de Colombia; (26) Massachusetts Department of Labor Standards; (27) Massachusetts Attorney General's Office; (28) Ivy Tech Community College; (29) Crisil – Irevna, LLC; (30) Buenos Aires Crisil Irevna Argentina, SA; (31) Pacific Global Advisors; (32) Goldman Sachs; (33) Yellow Cab; (34) Educate Online; (35) New York Office of the Attorney General; (36) New York District Attorney; (37) Meteor Learning; (38) Educational Testing Service; (39) Dipont Education; (40) Kleen-Tech Services Corporation ("Kleen-Tech"); (41) Colorado Department of Labor; (42) Sprint Corporation ("Sprint"); (43) Assurance Wireless; (44) QLink Wireless; (45) Google, Inc.; (46) Monster.com; (47) Yahoo; (48) Microsoft; (49) Bank of America Corporate Center; (50) Discover Bank; (51) Chase Bank; (52) Colorado Coalition for the Homeless; (53) Compass Housing Alliance; (54) St. James Cathedral; (55) First United Methodist Church of Seattle; (56) Salvation Army; (57) Consumer Financial Protection Bureau; (58) Seattle Housing and Resource Effort; (59) Ballard Food Bank; (60) Millionaire Charity Club; (61) Operation Sack Lunch; (62) New Genesis Shelter; (63) Washington State Patrol; (64) Union Station; (65) Washington Elections Office – Seattle; (66) Capital One Credit Card. (List of Defendants (Dkt. # 4-1); List of Defendants – Assault in the First Degree (Dkt. # 4-2).)

He purports to describe his various "claims" against the foregoing 66-named Defendants in a rambling, nearly incoherent, 114-page "Statement of Claim." (*See* Statement of Claim (Dkt. # 4-5).) The "Statement of Claim" is rife with legal conclusions but few, intelligible factual allegations—despite its length. (*See generally id.*) In the "brief description" of his claim, he asserts that "Defendant(s) have *defrauded*,

*assaulted* and *tortured* [him] to the point of irreparable damage to his health and property." (*Id.* at 1 (italics in original; nonstandard capitalization omitted).)

Plaintiff also attaches a "Statement of Relief" to his complaint. (*See* Statement of Relief (Dkt. # 4-4).) In this statement, he alleges that his life is in danger, and he is "undergoing adrenaline poisoning attacks several times a day." (*Id.* at 1.) He asserts that he "is very ill and without health insurance due to fraud at the SSA." (*Id.*) He asks for an order directing the SPD to issue him a gun permit without charge for both a semi-automatic pistol and a rifle, along with "ammunition and all needed accessories." (*Id.* at 2 (nonstandard capitalization omitted).) He seeks an order directing SSA to make payments to him and directing DSHS to "restore" both his "cash benefit and food benefit." (*Id.* at 3.) He would like all of the credit bureaus to restore his credit. (*Id.* at 4.) He seeks back pay from Kleen-Tech and an order requiring Kleen-Tech to liquidate. (*Id.* at 4, 6.) He would like Sprint to (1) pay him $40.00 that he alleges was stolen while he was in a Sprint store and (2) provide him with a free cell phone for life. (*Id.* at 5.) He would also like an order requiring Sprint to liquidate. (*Id.* at 6.) He seeks a free laptop from Amazon and an order requiring Amazon to liquidate. (*Id.* at 5, 7.) He would also like the court to order Hush to liquidate. (*Id.* at 7.) Indeed, he seeks an order requiring all Defendants to liquidate and to pay him the "produced amount in certified gold." (*Id.* at 9 (nonstandard capitalization omitted).) Finally, he would like the court to order the President to issue him a diplomatic passport. (*Id.* at 5.)

//

//

**B. Plaintiff's Litigation History**

The present action is Plaintiff's ninth IFP complaint in the Western District of Washington in just over one year. As described below, the court dismissed all of this prior complaints before permitting service upon the defendants.

On September 10, 2017, Plaintiff filed an IFP action against Sprint alleging facts that appeared to raise consumer protection and tort claims. *See Helio J. Leal de la Hoz v. Sprint Corp.*, No. C17-1362JCC (W.D. Wash.), Dkt. ## 1, 4. On September 12, 2017, the court granted Plaintiff IFP status. *Id.*, Dkt. # 3. On September 15, 2017, the court issued an order to show cause why the court should exercise jurisdiction in the matter and directing Plaintiff to file an amended complaint within 30 days. *Id.*, Dkt. # 5. Plaintiff failed to respond, and on November 16, 2017, the court dismissed Plaintiff's complaint without prejudice. *Id.*, Dkt. # 6.

On September 18, 2017, Plaintiff filed an IFP action against Capital One Credit Cards ("Capital One") alleging facts that appeared to raise claims for fraud and harassment arising out of Capital One's failure to close Plaintiff's credit card account due to Plaintiff's inability to make payments and demanding $500 million in monetary damages. *See Helio J. Leal de la Hoz v. Capital One Credit Card*, No. C17-1428RSM (W.D. Wash.), Dkt. ## 1, 4. On September 26, 2017, the court granted Plaintiff IFP status. *Id.*, Dkt. # 3. On September 27, 2017, the court ordered Plaintiff to file an amended complaint within 21 days because Plaintiff had failed to identify any basis for federal jurisdiction and had failed to explain how Defendant had violated any federal or

other law. *Id.*, Dkt. # 5. Plaintiff failed to file an amended complaint, and on October 27, 2017, the court dismissed his complaint without prejudice. *Id.*, Dkt. # 6.

On September 27, 2017, Plaintiff filed an IFP action against Hush Communications Canada, Inc. ("Hush") alleging facts that appeared to make claims for theft and fraud arising out of Hush's alleged disabling of Plaintiff's account. *Helio J. Leal de la Hoz v. Hush Commc'ns Canada, Inc.*, No. C17-1465RSM (W.D. Wash.), Dkt. ## 1, 5. Plaintiff demanded damages totaling $1,001,011,380,000.00. *See id.* On September 28, 2017, the court granted Plaintiff IFP status. *Id.*, Dkt. # 4. On September 28, 2017, the court ordered Plaintiff to file an amended complaint within 21 days because Plaintiff failed to properly allege federal jurisdiction and failed to set forth any causes of action. *Id.*, Dkt. # 6. Plaintiff failed to file an amended complaint, and on October 27, 2017, the court dismissed his complaint without prejudice. *Id.*, Dkt. # 7.

On October 24, 2017, Plaintiff filed an IFP action against Kleen-Tech Services Corporation ("Kleen-Tech") alleging facts that appeared to assert that Kleen-Tech had failed to pay him wages, while also asserting that Kleen-Tech had made payments taking care of the unpaid wages and other penalties imposed by the Colorado Department of Labor. *See Helio J. Leal de la Hoz v. Kleen-Tech Servs. Corp.*, No. C17-1579JCC (W.D. Wash.), Dkt. ## 1, 5. On October 30, 2017, the court granted Plaintiff IFP status. *Id.*, Dkt. # 4. On December 7, 2017, the court ordered Plaintiff to file an amended complaint within 21 days because Plaintiff failed to allege facts that demonstrated his claim for relief was plausible. *Id.*, Dkt. # 8. Plaintiff failed to file an amended complaint, and on January 3, 2018, the court dismissed his complaint without prejudice. *Id.*, Dkt. # 7.

On February 16, 2018, Plaintiff filed an IFP action against Amazon and the Government of the United States alleging that he was the victim of "sabotage," that he lost three laptops he had purchased from Amazon under "strange circumstances," and that "the evidence he has against Amazon is the evidence against the government." *See Helio J. Leal de la Hoz v. Amazon.com, Inc., et al.*, No. C18-0260RSM (W.D. Wash.), Dkt. ## 1, 5. On February 22, 2018, the court granted Plaintiff IFP status. *Id.*, Dkt. # 4. On February 26, 2018, the court ordered Plaintiff to file an amended complaint within 21 days because Plaintiff failed to identify any basis for federal jurisdiction and failed to explain how the defendants had violated the federal statutes upon which he based his claims. *Id.*, Dkt. # 6. Plaintiff failed to file an amended complaint, and on August 1, 2018, the court dismissed his complaint without prejudice. *Id.*, Dkt. # 7.

On February 21, 2018, Plaintiff filed an IFP action once again against Hush Communications Canada, Inc. related to his "hushmail" email account and seeking damages in "the trillions of dollars." *Compare Helio J. Leal de la Hoz v. Hush Commc'ns Canada, Inc.*, No. C18-0268MJP (W.D. Wash.), Dkt. ## 1, 5, *with Helio J. Leal de la Hoz v. Hush Commc'ns Canada, Inc.*, No. C17-1465RSM (W.D. Wash.), Dkt. ## 1, 5. On February 23, 2018, the court granted Plaintiff IFP status. *Helio J. Leal de la Hoz v. Hush Commc'ns Canada, Inc.*, No. C18-0268MJP (W.D. Wash.), Dkt. # 4. On February 26, 2018, the court ordered Plaintiff to file an amended complaint within 30 days because Plaintiff failed to articulate a credible basis for the value of his claim. *Id.*, Dkt. # 6. Plaintiff failed to file an amended complaint, and on April 4, 2018, the court dismissed his complaint without prejudice. *Id.*, Dkt. # 7.

On March 4, 2018, Plaintiff filed an IFP action once again against Sprint alleging the same facts he had alleged in his previous suit against Sprint. *Compare Helio J. Leal de la Hoz v. Sprint Corp.*, No. C18-0340JCC (W.D. Wash.), Dkt. ## 1, 5, *with Helio J. Leal de la Hoz v. Sprint Corp.*, No. C17-1362JCC (W.D. Wash.), Dkt. ## 1, 4. On March 6, 2018, the court granted Plaintiff IFP status. *Helio J. Leal de la Hoz v. Sprint Corp.*, No. C18-0340JCC (W.D. Wash.), Dkt. # 4. On March 14, 2018, the court dismissed Plaintiff's second action against Sprint with prejudice and without leave to amend because Plaintiff had failed to cure the jurisdictional deficiencies in his first complaint against Sprint and alleged an amount of damages—$3,000,001,800.00—that was facially frivolous. *Id.*, Dkt. # 7.

On March 5, 2018, Plaintiff filed an IFP action once again against Kleen-Tech re-alleging the facts he had asserted in his previous suit against Kleen-Tech. *Compare Helio J. Leal de la Hoz v. Kleen-Tech Servs. Corp.*, No. C18-0341JCC (W.D. Wash.), Dkt. ## 1, 6, *with Helio J. Leal de la Hoz v. Kleen-Tech Servs. Corp.*, No. C17-1579JCC (W.D. Wash.), Dkt. ## 1, 5. On March 12, 2018, the court granted Plaintiff IFP status. *Helio J. Leal de la Hoz v. Sprint Corp.*, No. C18-0341JCC (W.D. Wash.), Dkt. # 5. On March 14, 2018, the court dismissed Plaintiff's second action against Kleen-Tech with prejudice and without leave to amend because Plaintiff made an admission that Kleen-Tech had paid the disputed wages and penalties imposed by the Colorado Department of Labor, his claims for attorney's fees and exemplary damages were not supported by the law or were facially frivolous, and his additional allegations were facially frivolous. *Id.*, Dkt. # 8.

On September 13, 2018, Plaintiff filed the present IFP action—his ninth such action is a little more than one year. (*See* IFP Mot. (Dkt. # 1).)

### III. ANALYSIS

**A. Plaintiff's Present Complaint**

Federal Rule of Civil Procedure 8(a) requires that a pleading—such as Plaintiff's complaint—"must contain . . . a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss an IFP action "at any time" if the court determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[1]

*Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a complaint, however, a court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory,

---

[1] Under *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam), the court may properly apply the screening provisions of 28 U.S.C. § 1915(e)(2)(B) to non-prisoner civil litigants seeking to proceed IFP.

unwarranted deductions of fact, or unreasonable inferences."); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

By any measure, Plaintiff's complaint fails to contain "a short and plain statement" of either the grounds for the court's jurisdiction or Plaintiff's claim for relief. Plaintiff's 114-page Statement of Claim is rambling, disjointed, nearly impossible to follow, and rife with legal conclusions. (*See generally* Compl.; Statement of Claim.) Even applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the court cannot find that Plaintiff has stated a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Indeed, much of Plaintiff's complaint is frivolous pursuant to the standard articulated in 28 U.S.C. § 1915(e)(2)(B)(1). Nevertheless, the court may not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defects. *Luca v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted).

Given the Ninth Circuit's directives concerning the court's treatment of *pro se* complaints, the court ORDERS Plaintiff to file an amended complaint no later than 21 days from the date of this order. Plaintiff's amended complaint must cure the deficiencies cited herein by providing a short and plain statement of both the basis for the court's subject matter jurisdiction and Plaintiff's claims showing that he is entitled to relief.

## B. Plaintiff's Litigation History

As detailed above, the court has reviewed the records in this action and the public record in Plaintiff's eight other actions in this district. That review demonstrated that Plaintiff has committed litigation misconduct by filing numerous frivolous actions and refusing to respond to the presiding court's orders to clarify his claims. All of Plaintiff's prior actions have resulted in dismissals for, *inter alia*, failure to state a claim upon which relief may be granted, frivolous claims, lack of subject matter jurisdiction, and failure to comply with court orders to file an amended complaint. *See supra* § II.B. Plaintiff's actions have placed an unwarranted burden on this district and follow a pattern that has become all too familiar. In each action, Plaintiff filed a complaint that fell well short of meeting basic notice pleading requirements under Federal Rule of Civil Procedure 8, and when ordered to amend his pleading, he failed to respond. *See id.*

The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Although such orders should be rare, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). A vexatious litigant order should be entered when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is an adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant

ORDER - 11

order is "narrowly tailored to closely fit the specific vice encountered." *Id.* at 1147-48; *Molski*, 500 F.3d at 1057.

The first two conditions will be met by virtue of this order. First, Plaintiff will receive notice by virtue of this order to show cause and will be permitted an opportunity to respond. *See Molski*, 500 F.3d at 1058-59 (plaintiff had sufficient notice when he was served with the motion and had an opportunity to respond). In addition, there is an adequate record for review. *See, e.g., id.* at 1059 ("The record before the district court contained a complete list of the cases filed by [plaintiff] . . . , along with the complaints from many of those cases. Although the district court's decision . . . did not list every case filed by [plaintiff], it did outline and discuss many of them."). The court has reviewed the docket in each of Plaintiff's nine cases filed in this district and discussed each of them in detail. *See supra* § II.B.

The third factor, whether the litigant's actions are frivolous or harassing, "gets to the heart of the vexatious litigant analysis." *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148). The court must make substantive findings and must look at both the number and content of the litigant's filings. *Id.* The plaintiff's claims must not only be numerous, but also be patently without merit. *Id.* As discussed above and based on the present record, it appears that Plaintiff's complaints have been both numerous and patently without merit. *See, e.g., Moy v. United States*, 906 F.2d 467, 468-70 (9th Cir. 1990) (entering vexatious litigant order when plaintiff had filed two consecutive actions against the defendant arising out of the same set of operative facts, and each involving several complaints and numerous motions); *Ortiz v. Cox*, 759 F. Supp. 2d 1258, 1263-64

(D. Nev. 2011) (entering vexatious litigant order where plaintiff had filed seven actions against defendants); *Johns v. Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) (entering vexatious litigant order when plaintiff had filed five similar actions over a period of ten years). The court, however, will reserve making a determination in this regard until it has given Plaintiff an opportunity to respond to this order and to explain his litigation behavior.

Finally, a vexatious litigant order "must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1961. Toward this end, the court is considering the entry of a vexatious litigant order requiring Plaintiff to commence any action in the Western District of Washington with a complaint that meets the notice pleading requirements of Federal Rule of Civil Procedure 8. In order to ensure compliance with this litigation restriction, the court is considering requiring Plaintiff to file all future complaints under a miscellaneous case number specifically assigned for this purpose. If, upon review of any future *pro se* complaint filed by Plaintiff, the court concludes that Plaintiff's filing fails to comply with the Rule 8 pleading standard, the court would then issue an order striking the complaint and directing the Clerk to not assign the complaint a civil case number.

Accordingly, within 21 days from the date of this order, Plaintiff shall show cause why the court should not issue an order imposing restrictions on any new case that he files in the Western District of Washington. Specifically, those proposed restrictions shall include:

ORDER - 13

1  (1) Directing the Clerk to initially file all of Plaintiff's future *pro se* complaints in
2     a miscellaneous case number specifically designated for this purpose pending
3     the court's review of each such complaint;
4  (2) Directing the Clerk not to issue summons in any *pro se* action of Plaintiff
5     without approval of the presiding court; and
6  (3) For any new complaint Plaintiff files that the court determines suffers from the
7     same defects outlined above, the court may dismiss the action on the basis of a
8     vexatious litigant order without issuing an order to show cause.

## IV. CONCLUSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court DISMISSES Plaintiff's complaint without prejudice and with leave to amend. The court ORDERS Plaintiff to file an amended complaint within 21 days of the filing date of this order that cures the deficiencies described herein and contains a short and plain statement of the basis for the court's subject matter jurisdiction and Plaintiff's claims showing that he is entitled to relief. If Plaintiff fails to timely file such an amended complaint, the court will dismiss this action with prejudice and without further leave to amend.

The court also ORDERS Plaintiff to show cause within 21 days of the filing date of this order why the court should not enter a vexatious litigant order against him as described herein.

Dated this 2ND day of October, 2018.

JAMES L. ROBART
United States District Judge

ORDER - 14