|     |     |
| --- | --- |
| HELIO J. LEAL DE LA HOZ,<br><br>                    Plaintiff,<br>     v.<br><br>GOVERNMENT OF THE UNITED STATES, et al.,<br><br>                    Defendants. | CASE NO. C18-1370JLR<br><br>ORDER DISMISSING ACTION AND DECLARING PLAINTIFF A VEXTIOUS LITIGANT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

## I. INTRODUCTION

On October 3, 2018, the court dismissed Plaintiff Helio J. Leal de la Hoz's complaint with leave to file an amended complaint within 21 days of the date of the court's order. (10/3/18 Order (Dkt. # 5) at 1-2, 9-10, 14.) In addition, the court ordered Plaintiff to show cause within 21 days of the date of the order why the court should not enter a vexatious litigant order against him. (*Id.* at 2, 11-14.) On October 15, 2018, Plaintiff filed a document that he titled an "amended complaint" but that is actually (1) a

memorandum arguing that the court should reconsider its ruling dismissing Plaintiff's complaint, and (2) a response to the court's order to show cause. (*See* Resp. (Dkt. # 7).) In addition, Plaintiff filed a motion asking the court to appoint counsel for him. (Mot. (Dkt. # 6).) The court has reviewed Plaintiff's response to its order of dismissal and to show cause, Plaintiff's motion to appoint counsel, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Plaintiff's motion to appoint counsel, DISMISSES Plaintiffs' complaint with prejudice, and ENTERS a vexatious litigant order against him as set forth below.

## II. BACKGROUND

On September 13, 2018, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") and attached a proposed complaint to his motion. (*See* IFP Mot. (Dkt. # 1); Prop. Compl. (Dkt. ## 1-1, 1-2, 1-3, 1-5, 1-6, 1-8).) On September 18, 2018, Magistrate Judge Brian A. Tsuchida granted Plaintiff's IFP motion, but recommended that Plaintiff's complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B). (IFP Order (Dkt. # 3); *see also* Compl. (Dkt. # 4).)

On October 3, 2018, the court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to file an amended complaint. (10/3/18 Order at 10.) The court ordered Plaintiff to file an amended complaint within 21 days that "cure[d] the deficiencies cited . . . by providing a short and plain statement of both the basis for the court's subject matter jurisdiction and Plaintiff's claims showing that he is entitled to relief." (*Id.*) The court warned that "[i]f Plaintiff fail[ed] to timely file such an amended

//

complaint, the court w[ould] dismiss th[e] action with prejudice and without further leave to amend." (*Id.* at 14.)

The court also detailed Plaintiff's litigation history within the Western District of Washington, which includes eight IFP complaints prior to this action—all of which the court dismissed before permitting service upon the defendants. (*Id.* at 5-9.) Based on Plaintiff's litigation history, the court ordered Plaintiff to show cause, within 21 days of the date of the order, why the court should not impose certain litigation restrictions on any new case Plaintiff files in the Western District of Washington. (*Id.* at 9-13.)

On October 15, 2018, Plaintiff filed a response to the court's order. (*See* Resp.) Plaintiff denotes the filing to be an "amended [c]omplaint . . . in response to [the] court['s] order." (Resp. at 1.) However, liberally construed,[1] his filing is actually (1) a motion to reconsider the court's order dismissing his initial complaint (*see id.* at 1-5), and (2) a response to the court's order to show cause (*id.* at 5-6). Plaintiff's October 15, 2018, filing is not an amended complaint. (*See generally id.*)

Finally, Plaintiff also filed a motion asking the court to appoint him counsel. (*See* Mot.) The court now considers Plaintiffs' motion to appoint counsel and his response to the court's order dismissing his complaint and ordering him to show cause.

//

//

//

---

[1] *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("[P]ro se pleadings are liberally construed, particularly where civil rights claims are involved.").

# III. ANALYSIS

**A.     Motion to Appoint Counsel**

Plaintiff asks the court to appoint counsel for him. (*See* Mot.) He claims that he has contacted over 10,000 attorneys during the past three years without finding legal representation. (*Id.* at 2.)

This District has implemented a plan for court-appointed representation of civil rights litigants. *See* General Order, August 1, 2010, Section 3(c) (In re Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions). The plan requires the court to assess a plaintiff's case before forwarding it to a pro bono screening committee for further review and a possible appointment of pro bono counsel. *See id.* Having completed the required review of Plaintiff's complaint and his motion to appoint counsel, the court declines to forward this case to the screening committee. Generally, civil litigants have no right to have counsel appointed. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *See Palmer*, 560 F.3d at 970. Plaintiff has not demonstrated any exceptional circumstances here. Accordingly, the court denies Plaintiff's motion to appoint counsel.

**B.     Plaintiff's Response to the Court's Order Dismissing the Complaint with Leave to Amend**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court dismissed Plaintiff's complaint and ordered Plaintiff to file an amended complaint that corrected the deficiencies identified in the court's order. (10/3/18 Order at 9-10, 14.) Plaintiff failed to comply

with the court's order by filing an amended complaint within the allotted time. (*See generally* Dkt.) Instead, Plaintiff filed a memorandum that seeks, in part, reconsideration of the court's order dismissing his complaint. (*See* Resp. at 3 ("This Plaintiff, a Doctor of Philosophy in Physics, acknowledges that the Court may find this complaint 'technical.'. . . . This Plaintiff asks the Court to 'take a dep [sic] breath' and continue reading/studying this Complex complaint . . . ."). Accordingly, the court liberally construes Plaintiff's *pro se* filing as a motion for reconsideration of the court's order. *See Balisteri*, 901 F.2d at 699. "Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). The court will ordinarily deny such motions in the absence of a showing of (1) manifest error in the prior ruling, or (2) new facts or legal authority that the party could not have brought to the court's attention earlier with reasonable diligence. *Id.* The court has reviewed Plaintiff's memorandum, and he has made neither of the required showings necessary for reconsideration here. (*See generally* Resp.)

In sum, Plaintiff failed to file an amended complaint as directed by the court in its order of dismissal, and the court denies Plaintiffs motion to reconsider its order dismissing his complaint with leave to amend. (*See* 10/3/18 Order at 9-10, 14; *see generally* Dkt.) Accordingly, pursuant to its October 3, 2018, order, the court now dismisses Plaintiff's complaint without leave to amend and with prejudice. (*See* 10/3/18 Order at 14 ("The court ORDERS Plaintiff to file an amended complaint . . . that cures the deficiencies described herein . . . . If Plaintiff fails to timely file such an amended complaint, the court will dismiss this action with prejudice and without further leave to amend.").)

**C.   Vexatious Litigant Order**

As detailed in the court's October 3, 2018, order, this is Plaintiff's ninth IFP complaint in the Western District of Washington in just over one year. (*See* 10/3/18 Order at 5-9.) The court has dismissed all of Plaintiff's prior complaints before permitting service on the defendants. (*See id.*) This case is no different. *See supra* § III.B; (*see also* 10/3/18 Order at 9-10, 14.) As discussed above, the court issued an order to show cause why Plaintiff should not be declared a vexatious litigant given his history of litigation in this District. (*See id.* at 11-14.) Plaintiff's response does not adequately explain the number or frequency of his complaints or their lack of merit. (*See* Resp. at 5-7.) In response, however, Plaintiff states that he "**DOES NOT OBJECT to the filing of future complaints under a miscellaneous case number**," and he "**finds this single number highly desirable.**" (Resp. at 6 (bolding and capitalization in original).) For the reasons stated below, the court finds that Plaintiff is a vexatious litigant and imposes certain litigation restrictions upon him.

   1. <u>Legal Standard</u>

District courts have the inherent power to enter pre-filing orders against vexatious litigants under the All Writs Act, 28 U.S.C. § 1651(a). *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The Ninth Circuit has cautioned, however, that "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts." *Id.* Nevertheless, such pre-filing orders are sometimes appropriate because "[f]lagrant abuse of the judicial power . . . enables one person to preempt the use of judicial time that

properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

The Ninth Circuit's requirements for entering pre-filing orders against vexatious litigants are: (1) the litigant must be given notice and opportunity to be heard before the order is entered; (2) the court must compile an adequate record for review, including a list of all filings and motions leading to the conclusion that an individual is a vexatious litigant; (3) the court must make substantive findings that the litigant's filings are frivolous or harassing; and (4) the pre-filing order may not be overly broad, and must be "narrowly tailored to closely fit the specific vice encountered." *Id.* at 1147-48.

### a. Notice and Opportunity to be Heard

The first factor requires that Plaintiff be given an opportunity to oppose the order before it is entered. *Id.* at 1147. The first factor does not require that the court hold an in-person hearing. *See Gavin v. City & Cty. of S.F.*, No. 15-CV-05202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016). Courts in this circuit have held that a motion to declare a litigant vexatious does not require oral argument. *See, e.g.*, *Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not include an oral hearing; the opportunity to brief the issue fully satisfies due process requirements.") (internal quotation marks omitted); *Fiechtner v. Young*, No. CV 13-9-M-DLC-JCL, 2013 WL 830653, at *3 (D. Mont. Feb. 6, 2013) ("An opportunity to be heard is satisfied by providing an opportunity to file a brief, and does not necessarily require an oral or evidentiary hearing in court."), *report and recommendation adopted by* 2013 WL 830189

(D. Mont. Mar. 4, 2013). Additionally, at least one circuit court has held that a *pro se* litigant has a right to be heard on paper but not necessarily in person. *See, e.g.*, *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) ("The notice and opportunity requirement does not, however, require an in-person hearing in the district court.").

The court concludes that the first *De Long* factor is met because the court issued an order to show cause, and Plaintiff had the opportunity and did file a written response. (*See* 10/3/18 Order at 11-14; *see also* Resp.)

      *b. Adequate Record for Review*

The second *De Long* factor is merely procedural. *De Long*, 912 F.2d at 1147 ("An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant was needed."). The second factor requires only that the court compile a list of actions and filings by the litigant. *See, e.g.*, *Hurt v. All Sweepstakes Contests*, No. C-12-4187-EMC, 2013 WL 144047, at *5 (N.D. Cal. Jan. 11, 2013) (finding the second *De Long* factor was met where the court "compiled a list of all the actions Plaintiff filed"). This factor is met because the court listed and discussed each of the nine actions that Plaintiff has filed in this District in its order to show cause. (*See* 10/3/18 Order at 5-9.)

      *c. Frivolous or Harassing Filings*

The third *De Long* factor "gets to the heart of the vexatious litigant analysis," *see Molski*, 500 F.3d at 1059, and requires the district court to look to "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims, *De Long*, 912 F.2d at 1148. "An injunction cannot issue merely upon a showing of litigiousness.

The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059. As discussed in the court's order to show cause, Plaintiff's IFP complaints have been both numerous—nine in just over a year—and patently without merit because all were dismissed prior to service on the defendants. (*See* 10/3/18 Order at 5-9); *see Ortiz v. Cox*, 759 F. Supp. 2d 1258, 1264-65 (D. Nev. 2011) (entering a vexatious litigant order where the plaintiff had filed seven actions against the defendants); *Johns v. Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) (entering vexatious litigant order against a plaintiff who had filed five similar actions over a period of ten years).

In its October 3, 2018, order to show cause, the court noted the appropriate standard for determining whether a litigant's actions are frivolous or harassing, but reserved making a final determination until after Plaintiff had an opportunity to respond and explain his litigation behavior. (10/3/18 at 13.) Nothing in Plaintiff's response to the court's order to show cause adequately explains the nature or frequency of his filings or their lack of merit. (*See* Resp. at 5-7.) Accordingly, based on Plaintiff's profligate IFP case filings and his inadequate response to the court's order to show cause, the court finds that he is a vexatious litigant upon whom the court should impose certain pre-filing requirements.

### d. Narrowly Tailored

The fourth and final factor requires that the pre-filing order be narrowly tailored to the vexatious litigant's wrongful behavior. *Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the

courts.'" *De Long*, 912 F.2d at 1148 (citing *Woods v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983)).

Plaintiff has brought multiple, meritless IFP lawsuits before multiple judges in this District. Accordingly, the court finds it appropriate to deem him a vexatious litigant and to fashion a narrowly tailored pre-filing order as follows:

(1) The Clerk is DIRECTED to initially file all of Plaintiff's future *pro se* complaints in a miscellaneous case number specifically designated for this purpose pending the court's review of each such complaint;[2]

(2) The Clerk is DIRECTED not to issue summons in any *pro se* action of Plaintiff without approval of the presiding court; and

(3) For any new complaint Plaintiff files that the court determines suffers from the same defects outlined above and in the court's October 3, 2018, order (*see* 10/3/18 Order), the court may dismiss the action on the basis of a vexatious litigant order without issuing an order to show cause.

## IV. CONCLUSION

Based on the foregoing analysis, the court DENIES Plaintiff's motion to appoint counsel (Dkt. # 6), DISMISSES his complaint with prejudice and without leave to

//

//

//

---

[2] If Plaintiff is represented by counsel, then any complaint he files as a represented litigant may receive a civil number immediately without the necessity of initially filing it under the specially-designated miscellaneous case number.

amend, and DECLARES him to be a vexatious litigant subject to certain narrowly tailored pre-filing restrictions as described herein.

Dated this 8th day of November, 2018.

JAMES L. ROBART
United States District Judge